UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

ADRIANO J. SWIFT,
     Plaintiff

vs.

WEST CONSTRUCTION, INC.

     Defendant

_____/

## COMPLAINT

COMES NOW the Plaintiff, ADRIANO J. SWIFT, by and through the undersigned attorney, and sues the Defendant, WEST CONSTRUCTION, INC., and for his cause of action alleges as follows:

### Nature of Action

1.    This is a complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) for unpaid overtime wages, liquidated damages, attorney's fees and costs, and a claim for unpaid regular wages under common law.

### Jurisdiction and Venue

2.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. Section 201, et seq. hereinafter referred to as ("FLSA"). Jurisdiction is founded upon §216(b) of the FLSA [29 U.S.C. § 216(b)].

3.    The causes of action herein arose in Palm Beach County, Florida. The parties are residents of, and do business in, Palm Beach County. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

Parties

4.      Plaintiff, ADRIANO J. SWIFT, is a resident of Palm Beach County, Florida and has been so at all times relevant to his causes of action herein.  At all times relevant he was an employee of Defendant.

5.      Defendant, WEST CONSTRUCTION, INC., is a for profit corporation organized and existing under the laws of the State of Florida.  Its principal address is 318 South Dixie Highway, Suite 4-5, Lake Worth, Florida 33460.

General Allegations

6.      At all times material to the causes of action herein, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.  The gross revenue of Defendant was in excess of $500,000 per annum during the past three years and, at all times, at least two or more employees were engaged in interstate commerce.

7.      Plaintiff was at times, during the three years preceding the filing of this complaint, an employee of Defendant and the Defendant was his employer as defined by the FLSA.

8.      At all times material to the causes of action herein, while employed by Defendants, Plaintiff was engaged in interstate commerce.

9.      At all times while Plaintiff was working as an employee of Defendant, Defendant was responsible for determining the wages and salaries of the Plaintiff and for other payroll decisions over the Plaintiff.  Therefore, Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).  At all relevant times hereto, Defendant Zhang was aware that Plaintiff was not being properly paid for all of the hours he worked.

10.     At times during the three years preceding the filing of this complaint, Plaintiff was an hourly wage employee of Defendants and/or was an employee in a non-managerial and non-administrative position.

11. Defendants employed Plaintiff in the aforesaid enterprise for work weeks longer than 40 hours and willfully failed to compensate him for his hours worked in excess of 40 a week at a rate of at least one and one-half times the regular rate at which he was employed, in violation of the requirements of Section 7 of the FLSA (29 U.S.C. §207).  Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per week.

12. As a result of defendants' deliberate failure to pay Plaintiff the overtime wages required by the FLSA, the Plaintiff has suffered a loss of pay.

13. At all times material hereto defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

14. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to unpaid overtime wages, liquidated damages and an award of reasonable attorney's fees and cost pursuant to 29 U.S.C. §216(b).

15. Plaintiff has retained the services of the undersigned attorney and is obligated to pay attorney's fees upon prevailing.

WHEREFORE, Plaintiff, ADRIANO J. SWIFT, demands judgment against the Defendants, WEST CONSTRUCTION, INC., for unpaid overtime wages due him, plus liquidated damages in an equal amount, together with interest, costs and attorney's fees pursuant to the FLSA.

Respectfully submitted,

/s/ Don R. Boswell
Don R. Boswell, Esq.
Florida Bar No.145894
Attorney for Plaintiff
Akers & Boswell, P.A.
2161 Palm Beach Lakes Blvd, Suite 407
West Palm Beach, FL 33409-6613
561-547-6300; Fax:561-828-9212
dboswell@akers-boswell.com